UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JORGE ROJAS, on behalf of
himself and all others similarly situated,

                                                    Plaintiff,                 **COMPLAINT**

         - against -                                          **FLSA COLLECTIVE**

                                                                             **CLASS ACTION**

KALEO CONSTRUCTION CORP. and
ANDREW HAZANTONIS, individually,

                                                  Defendants.
-------------------------------------------------------------------X

       Plaintiff Jorge Rojas ("Rojas" or "Plaintiff") on behalf of himself and other similarly situated current and former employees of Kaleo Construction Corp. ("Kaleo Construction") and Andrew Hazantonis ("Hazantonis") (collectively "Defendants"), by and through his attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action on behalf of himself, and all similarly situated current and former non-exempt construction workers ("Construction Workers") who elect to opt-in to this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the unpaid overtime provisions of the FLSA.

2. Plaintiff further complains on behalf of himself and a class of similarly situated former and current employees who worked for Defendants, pursuant to Fed. R. Civ. P. 23, that they are entitled to unpaid overtime wages and wage notice damages pursuant to the NYLL, Article 6, §§ 190 et seq.; NYLL, Article 19, §§ 650 et seq.; and its supporting regulations, 12 N.Y.C.R.R. 142-2-2.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217, and 28 U.S.C. § 1337.

4. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

## PARTIES

### Plaintiff Jorge Rojas

6. Rojas is and was at all times relevant an adult individual residing in Queens County, New York.

7. Rojas was employed by Defendants from on or about March 2022 through on or about August 2022.

8. Rojas was employed by Defendants as a Construction Worker.

9. Rojas was a covered employee within the meaning of the FLSA and the NYLL.

### Defendant Andrew Hazantonis

10. Hazantonis is an owner, principal, and/or manager of Kaleo Construction.

11. At all relevant times, Hazantonis employed Plaintiff.

12. At all relevant times, Hazantonis has maintained control, oversight and direction over Kaleo Construction. Specifically, upon information and belief, Hazantonis held the power and authority to hire and fire employees, control employee work schedules, set employee wage rages, and maintain employee records.

13. Hazantonis is a person engaged in business in Queens County, New York, and is sued individually in his capacity as an owner, officer, and/or agent of Kaleo Construction Corp.

**Defendant Kaleo Construction**

14. Kaleo Construction Corp. is an entity operating in the construction industry, with its main address located at 17-18 202 St, Bayside, New York 11360.

15. At all times relevant to this action, Kaleo Construction was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

16. On information and belief, Kaleo Construction has (1) employees engaged in commerce or in the production of goods or materials for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

17. Defendants jointly employed Plaintiff and all similarly situated employees at all relevant times.

18. Each Defendant has had substantial control over Plaintiff and similarly situated employees' working conditions and the practices alleged herein.

## CLASS ALLEGATIONS

19. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23 of the Federal Rules of Civil Procedure.

20. Plaintiff Rojas brings his NYLL claims on behalf of all persons who worked for Defendants as Construction Workers and were not paid overtime in compliance with the NYLL during the six years prior to the filing of this case or between filing and the entry of judgment in this case (the "Class").

21. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is presently unknown to Plaintiff and calculation of such numbers would require facts in the sole control of Defendants, upon information and belief, there are more than 100 members of the Class during the relevant period.

22. The claims of Plaintiff are typical of the claims of the Class.

23. Plaintiff will fairly and adequately protect the interests of the Class.

24. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where the individual Plaintiff lacks the financial resources to vigorously prosecute a lawsuit in court against Defendants. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual class members are not de minimus, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class action litigation and certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendants' practices.

25. Defendants have acted on grounds generally applicable to the Class, thereby making declaratory relief appropriate for the Class.

26. There are questions of law and fact common to the Class which predominate any questions solely affecting individual members of the class, including:

    a. Whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Class;

      b.      Whether Defendants failed to pay Plaintiff and the Class overtime in compliance with the FLSA and the NYLL;

      c.      Whether Defendants failure to pay the Class overtime wages at a rate of one and one-half times their regular rate of pay was a policy and/or practice effectuated through the relevant class period; and

      d.      What proof of hours worked is sufficient where employers fail in their duty to maintain true and accurate time records.

## FLSA COLLECTIVE ACTION ALLEGATIONS

27. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and all other similarly situated persons who are current and former employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective.")

28. The FLSA Collective consists of approximately 50 similarly situated current and former Construction Workers who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

29. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing costs and denying employees legally required compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

30. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present action. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through their

records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

31. The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any work week, unless they are exempt from coverage.

32. Defendants failed to compensate Plaintiff and the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any work week. The exact accounting of such discrepancy can only be determined upon completion of discovery.

33. Plaintiff and the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and anything otherwise required by law.

## FACTUAL ALLEGATIONS

**Plaintiff and the Rule 23 Class**

34. Plaintiff and members of the class ("Class Members") were employed by and worked for Defendants as Construction Workers.

35. Plaintiff and the Class Members were regularly assigned and did, in fact, regularly work more than 40 hours a week.

36. Even though Plaintiff and the Class Members regularly worked more than 40 hours a week with the knowledge of Defendants, Defendants did not pay Plaintiff and the Class Members time and a half for all worked performed after 40 hours.

6

37. Instead, Plaintiff and the Class Members were paid a flat hourly wage for all hours worked.

38. Defendants failed to furnish Plaintiff and the Class Members with accurate statements of wages, hours worked, rates paid, and gross wages.

**Plaintiff Jorge Rojas**

39. Rojas worked as a Construction Worker for Defendants from on or about March 24, 2022 to on or about August 5, 2022.

40. Throughout his employment with Defendants, Rojas regularly worked more than 40 hours a week.

41. Rojas worked five days a week, Monday through Friday.

42. In addition, Rojas worked an average of three Saturdays per month.

43. Each workday, Rojas worked from 7:00 a.m. to 3:00 p.m.

44. Rojas was paid $23 per hour.

45. Rojas was paid a flat hourly wage regardless of the number of hours worked per week.

46. Rojas was paid by check for the first 40 hours he worked per week.

47. Rojas was paid cash for any hours he worked in excess of 40 hours per week.

48. Defendants did not pay Rojas overtime wages in compliance with the FLSA and the NYLL.

49. Throughout his employment, Rojas was never provided with any paystubs or any documentation as to the hours he worked.

50. Throughout his employment, Rojas was not required to clock in or clock out.

**Defendants' Violations of the Wage Theft Protection Act**

51. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

52. Throughout the relevant time period, Defendants paid Plaintiff without the proper accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

53. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer and required by NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act—Unpaid Overtime**
**(On behalf of Plaintiff and the FLSA Collective)**

54. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

55. At all times relevant to this action, Plaintiff and the Collective Action members were employed by Defendants within the meaning of the FLSA.

56. At all times relevant to this action, Plaintiff and the Collective Action members were engaged in commerce and/or the production of goods for commerce and/or Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. Sec. 206(a) and 207(a).

57. Defendants willfully failed to pay Plaintiff and the Collective Action members overtime compensation at rates not less than one and one-half times the regular rate of pay for each

hour worked in excess of forty hours in a workweek, in violation of the Fair Labor Standards Act, 29 U.S.C.A. Sec. 207(a)(1).

58. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. Sec. 255.

59. Due to Defendants' FLSA violations, Plaintiff and the Collective Actions members are entitled to recover from Defendants, jointly and severally, their unpaid overtime compensation, liquidated damages, attorneys' fees and costs of this action pursuant to 29 U.S.C. Sec. 216(b).

**SECOND CAUSE OF ACTION**
**New York Labor Law—Unpaid Overtime**
**(On behalf of Plaintiff and the Rule 23 Class)**

60. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs

61. At all times relevant to this action, Plaintiff and the putative class were employed by Defendants within the meaning of NYLL § 652 and 12 NYCRR § 142-2.2.

62. Defendants willfully failed to pay Plaintiff and the Class Members the proper overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

63. Through their knowing or intentional failure to pay Plaintiff and the Class Members overtime wages for hours worked in excess of forty hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

64. Due to Defendants' violations of the NYLL, Plaintiff and the Class Members have suffered damages and are entitled to recover from Defendants, jointly and severally, their unpaid overtime compensation, attorneys' fees and costs pursuant to the NYLL.

**THIRD CAUSE OF ACTION**
**New York Labor Law—Failure to Provide Wage Statements**
**(On behalf of Plaintiff and the Rule 23 Class)**

65. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

66. Defendants have willfully failed to supply Plaintiff and the Class Members with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

67. Through their knowing or intentional failure to provide Plaintiff and the Class Members with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Relations regulations.

68. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and the Class Members are entitled to statutory penalties of two hundred fifty dollars for each work day that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## FOURTH CAUSE OF ACTION
### New York Labor Law—Failure to Provide Annual Wage Notices
### (On behalf of Plaintiff and the Rule 23 Class)

69. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

70. Defendants have willfully failed to supply Plaintiff and the Class Members with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

71. Through their knowing or intentional failure to provide Plaintiff and the Class Members with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Relations.

72. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the Class Members are entitled to statutory penalties of fifty dollars for each work day that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars, together with costs and reasonable attorneys' fees, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

**PRAYER FOR RELIEF**

73. WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for the following relief:

   a. That, at the earliest possible time, Plaintiff be permitted to give notice of this class action, or that the court issue such notice to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this court's issuance of court-supervised notice, been employed by Defendants Kaleo Construction Corp. and Andrew Hazantonis, individually;

   b. Certification of this case a class action pursuant to Fed. R. Civ. P. 23;

   c. Designation of Jorge Rojas as representative of the Class, and counsel of record as class counsel;

   d. Unpaid wages, attorneys' fees, costs, and interest pursuant to 29 U.S.C. § 201 et seq. and NYLL, Article 6, § 198 (1-a);

   e. An additional and equal amount of unpaid wages as liquidated damages pursuant to NYLL, Article 6, § 198;

   f. Penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff and the Class with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

   g. Penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiff and the Class with accurate wage statements, or a total of five thousand dollars as provided for by NYLL, Article 6, § 198;

      h.      Issuance of a declaratory judgment that the practices of Defendants complained of herein are unlawful under the NYLL.

Dated: January 10, 2023
      New York, New York

**THE LAW OFFICES OF JACOB ARONAUER**

By:    <u>/s Jacob Aronauer</u>
         Jacob Aronauer
         225 Broadway, 3rd Floor
         New York, NY 10007
         (212) 323-6980
         *Attorney for Plaintiff*