```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/11/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JORGE ROJAS, on behalf of himself and all others similarly situated,

                Plaintiff,

-v.-

KALEO CONSTRUCTION CORP. and ANDREW HAZANTONIS, individually,

                Defendants.

23 Civ. 199 (JHR)

ORDER

JENNIFER H. REARDEN, District Judge:

      On February 6, 2023, the parties to this action--brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*—alerted the Court that they had reached a settlement. *See* ECF No. 8. Under the FLSA, an employer who violates the requirement that overtime wages be paid must pay both the unpaid overtime compensation and an additional equal amount as liquidated damages. *See id.* § 216(b). In the event of a settlement and dismissal under Rule 41 of the Federal Rules of Civil Procedure, the settlement — including any proposed attorney's fee award — must be scrutinized by the Court to ensure that it is fair. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (holding that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect"); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012) (identifying factors a court may consider in evaluating the fairness and reasonableness of a proposed FLSA settlement and the reasonableness of a proposed attorney's fee award).[1]

      **The Court does not have sufficient information to make an assessment of whether the parties' proposed settlement is fair and reasonable under the FLSA. Specifically:**

- "[T]he Court requires evidence as to the nature of plaintiff['s] claims, the *bona fides* of the litigation and negotiation process, the employers' potential exposure both to plaintiff[] and to any putative class, the bases of estimates of plaintiff['s] maximum possible recovery, the probability of plaintiff['s] success on the merits, and evidence supporting any requested fee award." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015).

- "Courts must also review FLSA settlements to ensure that any award of attorney's fees is reasonable." *Santos v. EL Tepeyac Butcher Shop Inc.*, No. 15-CV-814 (RA), 2015 WL 9077172, at *2 (S.D.N.Y. Dec. 15, 2015). "To determine whether attorney's fees are reasonable, courts compare the amount sought to the lodestar amount, or the product of a

---

[1] Judicial approval is not required for settlement of FLSA claims by way of a Rule 68(a) offer of judgment. *See Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 414 (2d Cir. 2019).

reasonable hourly rate and the reasonable number of hours required by the case." *Id.* "To aid a court in determining the reasonableness of proposed attorney's fees, counsel must submit evidence providing a factual basis for the award." *Wolinsky*, 900 F. Supp. 2d at 336. "In the Second Circuit, that entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

Accordingly, it is hereby ORDERED that, on or before **May 25, 2023**, the parties must submit a joint letter, along with the required information, explaining why the parties' agreement should be approved as fair and reasonable, with reference to the factors discussed in *Wolinsky*. *See id.* at 335-36. The letter should also address, if applicable, any incentive payments to Plaintiff.

**The parties are reminded that they have the option to consent to proceed for all purposes before the designated Magistrate Judge (the appropriate form for which is available at http://nysd.uscourts.gov/node/754), in which case the designated Magistrate Judge would decide whether to approve the settlement.** If all parties consent to proceed before the designated Magistrate Judge, they should file a fully executed version of the consent form on the docket by **May 25, 2023**.

In addition, the parties are notified that the Court will not approve any settlement agreement containing any of the following provisions:

- A confidentiality provision, unless the parties can show that there are reasons, specific to the case, sufficient to overcome the common law right of access to judicial documents. *See id.* at 337-41 (explaining the common law right of public access as it relates to settlement agreements in FLSA cases); *see also Sanz v. Johny Utah 51 LLC*, No. 14-CV-4380 (JMF), 2015 WL 1808935, at *2 (S.D.N.Y. Apr. 20, 2015);

- A release or waiver provision that releases or waives claims that have not accrued or are unrelated to wage-and-hour matters, unless the parties can show that there are reasons, specific to this case, justifying such a broad release. *See, e.g.*, *Lopez*, 96 F. Supp. 3d at 181; or

- A clause that bars a plaintiff from making negative statements about a defendant unless it includes a carve-out for truthful statements about a plaintiff's experience in litigating his case, or unless the parties can show that there are reasons, specific to this case, justifying a non-disparagement clause without such a carve-out. *See, e.g.*, *Zapata v. Bedoya*, No. 14-CV-4114, 2016 WL 4991594, at *2 (E.D.N.Y. Sept. 13, 2016).

In the event that the settlement agreement contains any of these provisions, the parties' joint letter should also indicate whether the parties want the Court, in the alternative, to consider for approval the settlement agreement with the provision(s) stricken (in which case the Court would, absent good cause, docket both the parties' joint letter and the settlement agreement itself — notwithstanding any confidentiality provision). *Cf. Fisher v. SD Protection Inc.*, 948 F.3d 593, 606 (2d Cir. 2020) (holding that a district court may approve or reject a settlement of FLSA claims, but may not modify the agreement itself).

SO ORDERED.

Dated: May 11, 2023
      New York, New York

                                                                             JENNIFER H. REARDEN
                                                                             United States District Judge