UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JORGE ROJAS, on behalf of himself and all others similarly situated,

                Plaintiff,

-v.-

KALEO CONSTRUCTION CORP. and ANDREW HAZANTONIS, individually,

                Defendants.

---

23 Civ. 199 (JHR)

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/11/2023

JENNIFER H. REARDEN, District Judge:

On February 6, 2023, the parties to this action—brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*—filed a proposed settlement agreement. *See* ECF No. 8, Ex. 1 (Agreement). On May 11, 2023, the Court ordered the parties to submit additional information to assist in evaluating whether the proposed agreement is fair and reasonable. *See* ECF No. 11; *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012). That Order stated that the Court would not approve any settlement agreement containing "[a] release or waiver provision that releases or waives claims that have not accrued or are unrelated to wage-and-hour matters, unless the parties can show that there are reasons, specific to this case, justifying such a broad release." ECF No. 11.

On May 13, 2023, Plaintiff responded to the May 11 Order. ECF No. 12. Although Plaintiff states that the parties' settlement agreement "does not have . . . a release of any non-wage and hour claims," Plaintiff represents that, "[t]o the extent that the Court believes that these provisions [among others] are in the settlement agreement, the parties agree for the Court to remove them." *Id.* at 2.

The release and waiver provisions in the parties' proposed settlement agreement are not expressly limited to wage and hour claims. For example, Section C.2 of the agreement asserts that Plaintiff "agrees to waive any rights to become, and promises not to become, a member of any class or FLSA collective in a case in which *labor law claims* are asserted against Defendants." Agreement § C.2 (emphasis added). In addition, Section C.2 waives rights to "participate or file any class claims" in a proceeding brought under "*any labor law*." *Id.* (emphasis added); *see also id.* § C.1 (releasing Defendants from "any and all *labor law claims* that were or could have been brought by Plaintiff in this action" (emphasis added)).

Accordingly, by **July 25, 2023**, the parties shall file either (1) a revised proposed settlement agreement with release and waiver provisions that are limited to wage and hour claims, or (2) a joint letter justifying the inclusion of broader release and waiver provisions— and, in particular, references to "labor law." Any joint letter shall be supported by relevant case law.

SO ORDERED.

Dated: July 11, 2023
New York, New York

JENNIFER H. REARDEN
United States District Judge