The Law Offices of Jacob Aronauer

August 13, 2023

**<u>Via ECF</u>**
Hon. Jennifer H. Rearden
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:   *Rojas v. Kaleo Construction Corp. et al*,
               1:23-cv-00199

Dear Your Honor:

      This office represents Plaintiff in the above captioned matter. Annexed please find a proposed revised settlement agreement that eliminates the use of the word "labor law" as requested by the Court. The agreement is signed by both parties. I have informed Defendants' counsel that his client needs to have the affidavit of confession of judgment notarized.

               Respectfully submitted,


               By:    */s Jacob Aronauer*
                      Jacob Aronauer


cc: All Counsel (via ECF)

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered as of *August 13*, 2023, between JORGE ROJAS ("Plaintiff") on the one hand, and KALEO CONSTRUCTION CORP. and ANDREW HAZANTONIS (each a "Defendant," collectively, the "Defendants"), on the other hand. Plaintiff and Defendants are referred to herein as each a "Party," collectively, the "Parties."

### Recitals

WHEREAS, Plaintiff commenced a civil action against Defendants by filing a complaint (the "Complaint") on January 10, 2023 in the United States District Court for the Southern District of New York, styled *Rojas v. Kaleo Construction Corp. et al* Case No. 1:23-cv-00199-JHR (the "Litigation");

WHEREAS, the Court in the Litigation has made no findings as to the merits of the Complaint;

WHEREAS, the Parties now desire to settle fully and finally all wage and hour employment-related claims that Plaintiff had, has, or may have had against the Defendants, including but not limited to the claims asserted in the Litigation;

WHEREAS, the Parties, with the full assistance of and through consultation with their counsel, freely and voluntarily enter into this Agreement;

WHEREAS, nothing contained in this Agreement shall, in any way, be construed or considered to be an admission of any Party of any liability under, violation of, or noncompliance with any federal, state, or local law or statute;

**WHEREAS**, the Parties believe that this Agreement is fair and reasonable and in the best interests of all Parties; and

**NOW, THEREFORE,** in consideration of the mutual covenants and other good and valuable consideration as set forth in this Agreement, the receipt and legal sufficiency of which are hereby acknowledged, the Parties agree as follows:

A.      <u>**Settlement Payment**</u>

1.      In exchange for the promises contained in this Agreement, the Defendants, in accordance with the terms of this Agreement, shall pay to Plaintiff and Plaintiff's counsel the total settlement amount of $13,000.00, (the "Settlement Amount"), inclusive of attorneys' fees and costs, as follows:

a.      Within seven days of the Court's approval in the Litigation of this Agreement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), Defendants will make the following payments for a total of $6,500.00:

i.      Counsel Jacob Aronauer for Plaintiff shall receive a payment in the amount of $2,300.67.

ii.      Plaintiff Jorge Rojas shall receive a payment in the amount of $4,199.33.

b.      Within 45 days of the Court's approval in the Litigation of this Agreement,

pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015),

Defendants will make the following payments for a total of $6,500.00:

   i.      Counsel Jacob Aronauer for Plaintiff shall receive a payment in the
    amount of $2,300.67.

   ii.     Plaintiff Jorge Rojas shall receive a payment in the amount of
    $4,199.33.

c.      Payments shall be sent to Jacob Aronauer, Esq., of the Law Offices of Jacob

Aronauer, 225 Broadway, 3rd Floor, New York, NY 10007.

2.      Defendants shall provide Plaintiff and counsel for Plaintiff with IRS Forms 1099

for their respective portions of the Settlement Amount and shall not make any tax withholdings on

the payments to Plaintiff and counsel for Plaintiff. Plaintiff accepts full and exclusive

responsibility for the payment of any and all taxes due with respect to their respective portion of

the Settlement Amount (the "Tax Liability"). If any governmental taxing authority or court of

competent jurisdiction ultimately determines that these payments were improperly classified,

Plaintiff agrees that he shall be solely liable for the payment not only of the Tax Liability, but any

tax deficiency, penalty, and/or interest charged with respect to their failure to pay the Tax Liability,

and will indemnify, defend, and hold the Defendants harmless with respect to the Tax Liability or

in any proceeding in which the Tax Liability is sought. Plaintiff has had the opportunity to obtain

advice from a tax professional, and the Defendants make no representation as to the taxability of the Settlement Amount. Additionally, Plaintiff and Plaintiff's counsel shall complete and submit to Defendant's counsel a W-9 form each within 30 days of receipt of the final payment.

**B.** <u>**Voluntary Dismissal**</u>

1.      Within five days of the receipt of the final check clearing, Plaintiff, through counsel, shall file with the Court in the Litigation a notice of dismissal with prejudice in accordance with Fed. R. Civ. P. 41(1)(A)(i) as to all claims brought against Defendants in this action in the form annexed "Exhibit A." Plaintiff's counsel to email Defendants' counsel at npreponis@kuckermarino.com of the date of filing of the notice of dismissal with prejudice.

**C.** <u>**Release and Covenant Not to Sue**</u>

1.      In consideration for the Settlement Amount and other consideration provided by Defendants as described in this Agreement, Plaintiff, individually and on behalf of anyone who has or obtains any legal rights or claims through him, agrees to hereby waives, releases, and forever discharges Defendants and their officers, directors, shareholders, owners, managers, investors, employees, representatives and agents from any and all claims under the Fair Labor Standards Act and the New York Labor Law for unpaid overtime, unpaid wages, unpaid minimum wages, unpaid spread of hours, prevailing wages and notice damages and associated claims for liquidated damages, attorneys' fees, and costs. The release described in this paragraph shall not extend any

claims which Plaintiff is precluded from waiving by operation of law or claims that arise after the date of the Parties' execution of this Agreement.

2.      Plaintiff further agrees to waive any rights to become, and promises not to become, a member of any class or FLSA collective in a case in which all claims that could have been brought under the FLSA are asserted against Defendants. If without prior knowledge or consent, Plaintiff is made member of a class in any proceeding under the FLSA or NYLL, Plaintiff agrees not to participate or file any class claims in that proceeding. Plaintiff also waives any right to any monetary recovery should any governmental agency or other third party pursue any FLSA or NYLL claims on Plaintiff's behalf.

3.      Plaintiff agrees not to file any lawsuit or commence any other legal proceedings against Defendants asserting any causes of action related to the claims released by this Agreement with respect to potential wage related claims under the FLSA and the NYLL. If Plaintiff breaches the promise contained in this paragraph, he shall pay, in addition to damages, all reasonable attorneys' fees incurred by Defendants in defending the lawsuit or other proceeding. This paragraph shall not apply to a lawsuit or proceed brought by Plaintiff to enforce the terms of this Agreement or any other claim that cannot be waived as a matter of law.

4.      As of the date of signing this Agreement, Plaintiff is not aware of any non-wage related claims they may have against Defendants.

5.      Plaintiff represents that they have not submitted any complaints or claims against Defendants with any governmental agency arising under the FLSA and the NYLL.    Plaintiff further represents that they have not filed any claims in any court against Defendants, other than the claims asserted in the Litigation.

6.      Defendants agree not to file any lawsuit or commence any other legal proceedings against Plaintiff asserting any causes of action related to the claims released by this Agreement. If Defendants breach the promise contained in this paragraph, they shall pay, in addition to damages, all reasonable attorneys' fees incurred by Plaintiff in defending the lawsuit or other proceeding. This paragraph shall not apply to a lawsuit or proceed brought by Defendants to enforce the terms of this Agreement or any claims that arise after the date of the Parties' execution of this agreement.

7.      Defendants represent that they had not filed any claims in any court against Plaintiff.

**D.    <u>Sufficient Consideration</u>**

1.      Plaintiff acknowledges that he has received sufficient consideration as set forth in this Agreement. Plaintiff further acknowledges that the release provisions set forth in Section C shall be given full force and effect in accordance with each and all of the terms of this Agreement. Plaintiff further acknowledges that his employment with Defendants has ended and that upon receipt of the consideration as set forth herein, he has been paid in full for all time worked and is owed no other forms of compensation.

6

2.      Defendants acknowledge that they have received sufficient consideration as set forth in this Agreement. Defendants further acknowledge that the release provisions set forth in Section C shall be given full force and effect in accordance with each and all of the terms of this Agreement.

**E.      Governing Law; Attorney's Fees; Enforcement.**

1.      This agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions.

2.      If Defendants fail to make timely payment as provided for above, Plaintiff shall provide written notice via email to Defendants of any such default, after which Defendants shall cure the default within ten business days after receipt of notice; (said written notice of default is to be served on Andrew Hazantonis via e-mail at hazantonisandrew@gmail.com and Nikolaos Preponis Esq, at npreponis@kuckermarino.com.  If Defendants fail to timely cure on or before such tenth business day, Plaintiff shall be entitled to enter a judgment by Affidavit for Confession of Judgment, without further notice, against Defendants, jointly and severally, in the Southern District of New York for $19,500 under this Agreement.  In addition, Plaintiff will be entitled to reasonable attorney fees if they have to enforce this Agreement in the event of a default that is not timely cured after due and proper notice to Defendants.

3.      A copy of the affidavit of confession of judgment is annexed as "Exhibit B."

4.      Concurrently with the execution of this Agreement, Kaleo Construction Corp., and Andrew Hazantonis, individually, shall each execute and deliver to their counsel confession of judgment ("Confession of Judgment") in the form annexed hereto as "Exhibit B" respectively. The Parties hereby acknowledge and agree that the original Confession of Judgment will be delivered to Rojas's counsel, who shall hold such Confession of Judgment in escrow.  Such Confession of Judgment will not be entered and/or filed at any time unless (i) Rojas's counsel provides notice of a breach of Defendants obligations hereunder in the manner detailed in Section 8(b), and (ii) Defendants fail to timely to cure that breach after receiving such notice.  Upon collection of full payment of the Settlement Payment, Rojas's counsel shall return the original Confession of Judgment to Defendants' counsel. The parties agree that Rojas shall be entitled to enforce any breach of the settlement agreement in the Southern District of New York, United States District Court or any other court of competent jurisdiction.

**F.**      **Representations and Acknowledgments**

1.      Plaintiff represents that he has consulted with counsel prior to signing this Agreement and that this Agreement is the product of arms-length negotiations between their counsel and counsel for the Defendants.

2.      Plaintiff further represents that:

        i.      he is competent, as a matter of law, to enter into this Agreement;

        ii.     he has reviewed each and every provision of this Agreement;

8

iii.    the Agreement has been explained to him by his counsel;

iv.    the Agreement appears to him to have been written in a matter calculated to be understood by him;

v.    he does in fact fully understand the Agreement, including the release of claims;

vi.    he has relied on their own judgment and that of his counsel regarding the language of this Agreement and the consideration described in Section A;

vii.    he voluntarily and knowingly enters into this Agreement of his own free will; and

viii.    **he had the terms of this Agreement read to him in his native language.**

3.    Plaintiff acknowledges that the settlement memorialized by this Agreement was reached after arms-length negotiations and that this Agreement is fair and reasonable given the risks of litigation, including a bona fide dispute between the Parties about, among other things, the number of overtime hours Plaintiff worked, whether Plaintiff was fully compensated for any overtime hours worked, and whether Plaintiff had viable claims regarding wage statements and wage notices.

9

4.      Plaintiff further represents that none of the Defendants have made any representations concerning the terms or the effects of this Agreement other than those contained in this Agreement, that his decision to sign this Agreement is not based in whole or in part on any statement or promise that does not appear within the four corners of this Agreement, and that he has been fairly represented by his counsel throughout these proceedings. No statements made by any of the Defendants, their counsel or any other party have in any way coerced or unduly influenced Plaintiff to execute this Agreement.

**G.      Additional Terms**

1.      <u>Non-Admission</u>. This Agreement does not constitute an admission by any Party of violating any law, committing any tort, breaching any contract or committing any wrongdoing whatsoever. Plaintiff expressly acknowledges that Defendants continue to deny any wrongdoing as alleged in the Complaint.

2.      <u>Choice of Law and Venue</u>. This Agreement is made and entered into in the State of New York and shall in all respects be interpreted, enforced and governed under the laws of New York. The parties stipulate and consent that the United States District Court, Southern District of New York shall retain jurisdiction over this matter to enforce the terms of this Agreement once approved by the Court in the Litigation.

3.      <u>Binding Agreement</u>. This Agreement shall be binding upon the Parties and upon their respective heirs, administrators, representatives, executors, predecessors, and assigns, and

shall inure to the benefit of Plaintiff, Defendants, and to their respective representatives, predecessors, and assigns.

4.    Jointly Drafted. This Agreement has been jointly drafted by the Parties. The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties, all of whom drafted it.

5.    Complete Agreement. This Agreement sets forth the entire agreement between the Parties regarding the subject matter contained within and fully supersedes any and all prior oral or written agreements or understandings between the Parties pertaining to the subject matter contained within. This Agreement may be modified only in writing signed by all Parties.

6.    Severability. Should any provision of this Agreement be determined by any court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain fully enforceable.

7.    No Waiver. Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of such term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

8.    Notices. Except as otherwise stated in this Agreement, any demand, request or notice served pursuant to this Agreement must be written, and must be served by electronic mail

and certified mail, return receipt requested, on the parties at the addresses set forth below, or such

different address as parties may designate by notice.

To Plaintiffs:     Jacob Aronauer, Esq.
                   The Law Offices of Jacob Aronauer
                   255 Broadway, 3rd Floor
                   New York, NY 10017
                   jaronauer@aronauerlaw.com

To Defendants:     Kaleo Construction
                   1718 202nd St.
                   Bayside, NY 11360

                   Andrew Hazantonis
                   143-28 21st Rd.
                   Whitestone, NY 11357-3420

                   Kucker Marino Winiarsky & Bittens, LLP
                   747 Third Avenue, 12th Flr.
                   New York New York 10017
                   Attn: Nikolaos Preponis Esq.

    i.    Counterparts. This Agreement may be executed in counterparts, each of which shall be deemed an original for all purposes. All counterparts shall be construed together and shall constitute one agreement.

    ii.    Signatures. A facsimile or scanned signature shall be deemed an original for all purposes of this Agreement.

    iii.    Headings. Section headings are used in this Agreement for reference only and do not affect the meaning of any provision of this Agreement.

    iv.    No Assignments. The Parties affirm and warrant that no person or entity other than themselves had or has any claims to or any interest in the subject matter of this Agreement; that they have the sole right and exclusive authority to execute this Agreement; and that they have

not sold, assigned, transferred, conveyed or otherwise disposed of any claim or demand relating to any matter covered by this Agreement.

v.   Authority. The Parties warrant that they each have the authority to enter into this Agreement for themselves or, in the case of Defendants, via their authorized representative. Each party agrees that this Agreement is not valid and binding until it is signed by all Parties.

**H.   Knowing Agreement After Consultation with Counsel and Revocation**

ALL PARTIES HAVE CONSULTED WITH THEIR RESPECTIVE COUNSEL PRIOR TO SIGNING THIS AGREEMENT AND REPRESENT TO THE OPPOSING PARTIES THAT THEY HAVE DONE SO. HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS SET FORTH ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH HIS COUNSEL, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE THE CLAIMS CONTAINED IN SECTION A OF THIS AGREEMENT. DEFENDANTS HAVE BEEN ADVISED BY THEIR COUNSEL AND UNDERSTAND AND AGREE THAT FAILURE TO FULLY AND TIMELY PAY THE SETTLEMENT AMOUNT MAY RESULT IN FURTHER LITIGATION WHERE THE DEFENDANTS HAVE AGREED TO PAY PLAINTIFF'S ATTORNEYS' FEES AND COSTS. HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO OBTAIN THE RELEASES, PROMISES AND BENEFITS SET FORTH ABOVE, DEFENDANTS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH THEIR COUNSEL, ENTER INTO THIS AGREEMENT INTENDING TO BIND

13

THEMSELVES TO ALL OBLIGATIONS AND POTENTIAL CONSEQUENCES FOR NON-PAYMENT OF ANY AMOUNTS REQUIRED TO BE PAID UNDER THIS AGREEMENT.

    The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below.

**PLAINTIFF:**

Date: _08/10/23_

                      _____
                      Jorge Rojas (Aug 10, 2023 15:55 EDT)
                      **JORGE ROJAS**

**DEFENDANTS:**

Date: _____

                      _____
                      KALEO CONSTRUCTION CORP.
                      by [_____],
                      officer and authorized representative

Date: _____

                      _____
                      **ANDREW HAZANTONIS**

THEMSELVES TO ALL OBLIGATIONS AND POTENTIAL CONSEQUENCES FOR NON-

PAYMENT OF ANY AMOUNTS REQUIRED TO BE PAID UNDER THIS AGREEMENT.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below.

**PLAINTIFF:**

Date: _____          _____
                          JORGE ROJAS

**DEFENDANTS:**

Date: August 10, 2023      _____
                          KALEO CONSTRUCTION CORP.
                          by [_____],
                          officer and authorized representative

Date: August 10, 2023      _____
                          ANDREW HAZANTONIS

14

# "EXHIBIT A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JORGE ROJAS,

                                     Plaintiff,

         - against -

KALEO CONSTRUCTION CORP. and
ANDREW HAZANTONIS, individually,

                                   Defendants.
------------------------------------------------------------------X

Case No. 1:23-cv-00199-JHR

**STIPULATION OF
DISMISSAL WITH
PREJUDICE**

       WHEREAS, on January 10, 2023, Plaintiff filed a Complaint which asserts claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New York Labor Law ("NYLL");

       WHEREAS, the parties reached a settlement of this action and Plaintiff's claims through arms' length negotiations and have entered into a Settlement Agreement and Release, filed on the Court's docket (the "Agreement"), formally memorializing the parties' settlement;

       WHEREAS, the terms of the Agreement, which are incorporated herein by reference, have been reviewed and scrutinized by the Court and are approved and considered a fair and reasonable resolution of, *inter alia*, a bona fide dispute over a provision or provisions of the FLSA, the NYLL, and/or time worked; and

       WHEREAS, this Court shall retain jurisdiction to enforce the terms of the Agreement;

       NOW THEREFORE,

16

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the parties, and ordered by this Court, that this action be and hereby is dismissed and discontinued in its entirety, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. A copy of the signatures on this Stipulation shall be valid as original signatures.

Dated: February _____2023

*s/ Jacob Aronauer*
Jacob Aronauer, Esq.
The Law Offices of Jacob Aronauer
225 Broadway, 3rd Floor
New York, NY 10007
Tel: (212) 323-6980
Email: jaronauer@aronauerlaw.com
**Counsel for Plaintiff**

*s/ Nikolaos Preponis*
Kucker Marino Winiarsky & Bittens, LLP
Tel: (212) 869-5030
Email: npreponis@kuckermarino.com

**Defendants**

So Ordered:

_____

# "EXHIBIT B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JORGE ROJAS,

                                              Plaintiff,                    Case No. 1:23-cv-00199-JHR

                 - against -
                                                                           **AFFIDAVIT FOR**
                                                                           **CONFESSION OF**
KALEO CONSTRUCTION CORP. and                                               **JUDGMENT**
ANDREW HAZANTONIS, individually,

                                              Defendants.
-----------------------------------------------------------------X

Andrew Hazantonis being duly sworn, deposes and states as follows:

1. I am an adult individual residing at 143-28 21ˢᵗ Rd., Whitestone, NY 11357-3420.

2. I make this affidavit in support of Jorge Rojas's application for the entry of a judgment by confession against myself and Kaleo Construction Corp. jointly in the sum of $19,500.00 minus any payments made plus all costs and attorneys' fees incurred by Rojas in connection with any effort to enforce the confessed judgments less any payments made under the Agreement.

3. This confession of judgment is for a debt due to Jorge Rojas (hereinafter "Plaintiff").

4. The facts out of which the debt arose and the sum confession due is set forth below:

5. On January 10, 2023, Plaintiff, through his attorney, Jacob Aronauer, Esq., of the Law Offices of Jacob Aronauer, filed a Complaint against Defendants in the United States District Court for the Southern District of New York (the "Court") alleging claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law (the "NYLL"), 1:23-cv-00199-JHR (the "Complaint").

6. In January 2023, the parties executed a Settlement Agreement and Release, (the "Agreement").

7. The Agreement provides that Defendants will pay Plaintiff in the total amount of $13,000.00.

8. If we fail to make payments as outlined in Section A of the Agreement, Plaintiff may, with notice or demand, except as noted below, declare the entire sum then unpaid immediately due or payable. To exercise this right, Plaintiff shall notify Defendant Andrew Hazantonis, 143-28 21ˢᵗ Rd., Whitestone, NY 11357-3420, _____ [email], in writing of his intent to do so, and we shall have ten days to remedy their default.

9. If we do not remedy the default within ten days of receipt of Hazantonis's receipt of such notice, I hereby authorize the entry of judgment against myself and Kaleo Construction Corp. for the entire amount of $19,500.00 minus any payment already made, plus all costs and attorneys' fees incurred by Plaintiff in connection with any effort to enforce the confessed judgments less any payments made under the Agreement.

10. I am represented by Counsel and have been fully advised in regard to this Agreement and Confession of Judgment.

11. I authorize entry of judgment in the Southern District of New York.

12. I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction.

Dated:

                                             _____
Andrew Hazantonis, individually and on
behalf of Kaleo Construction Corp.

Sworn to me this_____day of _____

_____
Notary Public