UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JORGE ROJAS,

                Plaintiff,

-v.-

KALEO CONSTRUCTION CORP., et al.,

                Defendants.

23 Civ. 00199 (JHR)

ORDER APPROVING SETTLEMENT

JENNIFER H. REARDEN, District Judge:

On January 10, 2023, Plaintiff Jorge Rojas filed a putative class action on behalf of himself and similarly situated construction workers, seeking, *inter alia*, unpaid overtime wages and wage notice damages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law, Art. 6, §§ 190 *et seq.*; *id.* Art. 19, §§ 650 *et seq.*

The parties first sought approval of a proposed settlement in February 2023. *See* ECF No. 8. On May 11, 2023, the Court ordered the parties to submit additional information to assist in evaluating whether the proposed agreement was fair and reasonable. *See* ECF No. 11; *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012). That Order stated that the Court would not approve any settlement agreement containing "[a] release or waiver provision that releases or waives claims that have not accrued or are unrelated to wage-and-hour matters, unless the parties can show that there are reasons, specific to this case, justifying such a broad release." ECF No. 11.

On May 13, 2023, Plaintiff filed a revised proposed settlement agreement. ECF No. 12. Although the agreement purportedly did "not have . . . a release of any non-wage and hour claims," Plaintiff stated that, "[t]o the extent that the Court believes that [such a] . . . provision[]," among others, is "in the settlement agreement, the parties agree for the Court to remove [it]." *Id.* at 2. The release and waiver provisions in the parties' proposed settlement

agreement were not, however, expressly limited to wage and hour claims. *See, e.g.,* Agreement § C.2 (asserting that Plaintiff "agree[d] to waive any rights to become, and promise[d] not to become, a member of any class or FLSA collective in a case in which *labor law claims* are asserted against Defendants" (emphasis added)). In addition, Section C.2 waived rights to "participate or file any class claims" in a proceeding brought under "*any labor law*." *Id.* (emphasis added); *see also id*. § C.1 (releasing Defendants from "any and all *labor law claims* that were or could have been brought by Plaintiff in this action" (emphasis added)). The Court directed the parties to file either (1) a revised proposed settlement agreement with release and waiver provisions that were limited to wage and hour claims, or (2) a joint letter justifying the inclusion of broader release and waiver provisions—and, in particular, references to "labor law." *See* ECF No. 14.

Pursuant to the Court's Order, the parties filed a third draft settlement. ECF No. 19. The Court GRANTS the parties' request to approve their third proposed agreement.

I.     **LEGAL STANDARD**

In the Second Circuit, "parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the Department of Labor." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599 (2d Cir. 2020) (citing *Cheeks*, 796 F.3d at 200). Thus, district courts in this Circuit must review a proposed FLSA settlement and determine whether it is "fair and reasonable." *Larrea v. FPC Coffees Realty Co.*, No. 15 Civ. 1515 (RA), 2017 WL 1857246, at *1 (S.D.N.Y. May 5, 2017) (quotation marks and citation omitted). "A fair settlement must reflect a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* (internal quotation marks and citation omitted).

District courts typically evaluate the fairness of an FLSA settlement agreement under the five factors identified in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). *See Fisher*, 948 F.3d at 600.  Those factors include: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky*, 900 F. Supp. 2d at 335 (quotation marks and citations omitted).

## II.    DISCUSSION

After careful review of the parties' proposed settlement agreement, the parties' joint letters in support of their proposed agreement, and the time records appended to the parties' submissions, *see* ECF Nos. 8, 12, 19, the Court finds that the proposed agreement, as finalized by the parties in August 2023, is fair and reasonable.  The settlement awards $13,000, paid to the Plaintiff in two $6,500 installments.  This sum exceeds Plaintiff's "best day" recovery, which the parties calculate at $12,760.

Plaintiff's counsel seeks $4,199.34, which is approximately one-third of the total recovery.  "[C]ourts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Gervacio v. ARJ Laundry Servs. Inc.*, No. 17 Civ. 9632 (AJN), 2019 WL 330631, at *2 (S.D.N.Y. Jan. 25, 2019) (citing *Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, 13 Civ. 6667 (PAE), 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) (collecting cases)).  Accordingly, this fee award satisfies the relevant standard.

Moreover, the proposed settlement agreement is fair and reasonable because it no longer includes a release provision that requires Plaintiff to waive "claims that have no relationship whatsoever to wage-and-hour-issues." *Fernandez v. 219 Dominican Valle Corp.*, No. 19 Civ.

9513 (JPC), 2021 WL 240721, at *4 (S.D.N.Y. Jan. 25, 2021) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)).

Finally, the fourth and fifth *Wolinsky* factors are established. "[N]othing suggests that the proposed settlement agreement here is the product of less than arm's-length bargaining between experienced counsel or is tainted by fraud or collusion." *Santos v. YMY Mgmt. Corp.*, No. 20 Civ. 1992 (JPC), 2021 WL 431451, at *1 (S.D.N.Y. Feb. 8, 2021); *see also Cabrera v. CBS Corp.*, No. 17 Civ. 6011 (CM) (BCM), 2019 WL 502131, at *6 (S.D.N.Y. Feb. 8, 2019) ("The Court has no reason to doubt that the Stipulation was negotiated at arms' length (albeit from unequal bargaining positions), and no reason to suspect fraud or collusion. The fourth and fifth *Wolinsky* factors therefore would not prevent judicial approval of the proposed settlement if its terms were otherwise fair and reasonable."); *Gonzalez v. Citusa Park Ave., LLC*, No. 20 Civ. 2326 (AT), 2020 WL 8920703, at *2 (S.D.N.Y. Nov. 30, 2020) ("Additionally, the parties state that they engaged in arm's-length bargaining, and there is no evidence of fraud or collusion. The Court concludes, therefore, that the Settlement satisfies each of the *Wolinsky* factors." (citations omitted)).

### III.   CONCLUSION

Courts generally recognize a "strong presumption in favor of finding a settlement fair" in FLSA cases like this one, as courts are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Souza v. 65 St. Marks Bistro*, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted). This settlement meets this deferential standard, which favors private resolution of disputes. For the reasons explained above, the Court approves the parties' proposed settlement agreement, ECF No. 19. Plaintiff's counsel is to receive $4,199.34. Plaintiff is to receive the balance of $8,560.66.

The Court thus dismisses this case with prejudice pursuant to the parties' stipulation. The Clerk of Court is respectfully directed to terminate all pending motions in this action and close the case.

SO ORDERED.

Dated: October 24, 2023
       New York, New York

*Jennifer H. Rearden*
JENNIFER H. REARDEN
United States District Judge